UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 21-CR-175 (TJK) |
| | : | |
| ETHAN NORDEAN, | : | |
| JOSEPH BIGGS, | : | |
| ZACHARY REHL, and | : | |
| CHARLES DONOHOE, | : | |
| | : | |
| | : | |
| Defendants. | : | |

**GOVERNMENT'S SUBMISSION REGARDING DEFENDANTS' ABILITY TO CONFER WITH COUNSEL AND PREPARE FOR TRIAL**

At the status conference on December 14, 2021, the Court denied motions by defendants Nordean, Biggs, and Rehl to reopen their detention hearings, but did so "without prejudice as to the arguments that have been made under [18 U.S.C. §] 3142(i)." Hrg. Tr. 5. Under that provision of the Bail Reform Act, the court may permit the temporary release of a defendant detained pretrial "to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." 18 U.S.C. 3142(i). The Court did not make that determination, but the Court noted that it was an "open issue" and that, if the Court thought the defendants "are not going to be able to adequately prepare for trial and consult with their counsel ahead of trial," the Court would take up a renewed motion under section 3142(i). Tr. 5-6.

In the meantime, the Court directed the government to address how the defendants will be able to prepare for trial while detained, and the Court provided the defendants an opportunity to respond. *See* Tr. 5, 17, 24-25, 29. The Court made clear that "it is crucial that [the defendants] be able to consult with their counsel, review the evidence against them, and to participate in their own

defense." Tr. 15.  As the government has noted in previous filings, it is the policy of the U.S. Marshals Service to detain defendants in the jurisdiction in which they are charged.  All of the defendants in this case, however, are detained elsewhere:  defendant Nordean in Washington state; defendant Biggs in Florida; defendant Rehl in Pennsylvania; and defendant Donohoe in North Carolina.  The government (and likely the Court) have limited ability to influence the policies of these geographically remote detention facilities with respect to access to counsel or discovery, particularly if a defendant is detained in a local facility.

The government's position on this matter is straightforward:  Insofar as any defendant in this case is unsatisfied with his present ability to consult with counsel, review evidence, and participate in the preparation of his defense, the defendant should be transported to the District of Columbia.  Simply put, the D.C. Department of Corrections ("DOC") has taken significant steps to ensure that defendants have access to counsel and have the ability to review electronic discovery.  As discussed further below, the government, the DOC, and the Federal Public Defender ("FPD") are also in the process of implementing procedures whereby January 6 defendants will be able to access the two discovery databases (evidence.com and Relativity) that will store the vast majority of discovery material across all cases.

### The Defendants' Current Status

Defendant Donohoe is currently detained at the Orange County (NC) Detention Center, which is a local facility administered by the Orange County Sheriff's Office.  Defendant Donohoe has not raised concerns regarding his ability to confer with counsel, review discovery, and prepare for trial, and he has made clear that he prefers to remain in North Carolina, where both his family and his counsel are located.

Defendant Rehl is currently detained at the Federal Detention Center (FDC) Philadelphia,

which is a federal facility administered by the Bureau of Prisons. Defendant Rehl was recently appointed new counsel. Through prior counsel, defendant Rehl made clear that he prefers to remain in Pennsylvania rather than be transported to the District of Columbia.[1] At this time, the government is not aware of any particular concerns regarding defendant Rehl's ability to confer with counsel, review discovery, and prepare for trial that stem from his detention in Philadelphia.

Defendant Nordean is currently detained at FDC SeaTac, which is a federal facility administered by the Bureau of Prisons. Defendant Nordean has raised concerns about his ability to confer with counsel, review discovery, and prepare for trial (ECF 122 at 2). One obvious challenge in this regard is that defendant Nordean's counsel are located in Alexandria, Virginia, and New York, New York. Transporting defendant Nordean to the District of Columbia would bring him closer to his counsel, undoubtedly improving his access to counsel and ability to participate in the preparation of his defense.

Defendant Biggs is currently detained at the John E. Polk Correctional Facility, which is a local facility administered by the Seminole County Sheriff's Office. Defendant Biggs has raised concerns regarding his ability to confer with counsel, review discovery, and prepare for trial (ECF 137 at 9-14). Defendant Biggs's counsel is located in Washington, D.C. Similar to defendant Nordean, transporting defendant Biggs to the District of Columbia would undoubtedly improve his access to counsel and ability to participate in the preparation of his defense.

---

[1] On August 23, 2021, the government moved for an order to transport defendant Rehl to this district pursuant to a specific request from the U.S. Marshals Service. ECF 149. Through prior counsel, defendant Rehl opposed that motion (ECF 173), and the Court has taken the motion under advisement.

**Temporary Release Under 18 U.S.C. § 3142(i) to Assist Trial Preparation**

A judicial officer may "permit temporary release" of a detained person to "the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." 18 USC § 3142(i). Such decisions are committed to the judicial officer's discretion. *United States v. Nero*, 854 F. App'x 14, 18 (6th Cir. 2021) (unpublished). As the Court has noted, temporary release under 18 U.S.C. 3142(i) is "a rarely used provision." Tr. 5.

Section 3142(i) permits temporary release of a defendant only where necessary, a burden that falls to the defendant to prove. "It is clear beyond cavil that a defendant has the burden of showing that temporary release is 'necessary' under Section 3142(i)." *United States v. Lee*, 451 F. Supp. 3d 1, 5 (D.D.C. 2020) (Jackson, J); *accord, United States v. Ford*, 455 F. Supp. 3d 512, 520 (S.D. Ohio 2020). "[M]ost courts that have addressed a motion for temporary release under section 3142(i) have done so in the context of evaluating the necessity of release to permit the defendant to assist with preparing his defense." *Lee*, 451 F. Supp. 3d at 5. And in that context, "[c]ourts have routinely rejected temporary release under § 3142(i) for preparation of a defense alone." *United States v. Keeton*, 457 F. Supp. 3d 855, 860 (E.D. Cal. 2020), *aff'd*, 2020 WL 4805479 (9th Cir. June 17, 2020); *cf. Morris v. Slappy*, 461 U.S. 1, 11 (1983) ("Not every restriction on counsel's time or opportunity to investigate or to consult with his client or otherwise prepare for trial violates a defendant's Sixth Amendment right to counsel.").

An assessment of whether pretrial release is necessary for a person's defense under § 3142(i) should consider: "(1) the time and opportunity the defendant has to prepare for the trial and participate in his defense; (2) the complexity of the case and volume of information; and (3) expense and inconvenience associated with preparing while incarcerated." *United States v. Cox*,

4

449 F. Supp. 3d 958, 965 (D. Nev. 2020) (cleaned up).  To justify release, a defendant should "address[] why less 'drastic measures,' such as making additional arrangements to communicate with his client remotely, are not available to allow him to make progress in adequately preparing defendant for trial." *Keeton*, 457 F. Supp. 3d at 861; *accord*, *United States v. Villegas*, No. 2:19-CR-568-AB, 2020 WL 1649520, at *2 (C.D. Cal. Apr. 3, 2020).

Thus, release that would merely facilitate access to counsel is an insufficient basis for relief under § 3142(i), so long as reasonable access while in custody is available, either in person or by other means.  *United States v. Terrone*, 454 F. Supp. 3d 1009, 1026-27 (D. Nev. 2020) (denying temporary release where the jail "has limited in-person visitation [and] provided for teleconferencing and telephone communication with legal representatives and visitors").

### Access to Counsel and Discovery at the D.C. Department of Corrections

The policies and procedures in place at the D.C. Department of Corrections ("DOC") are more than sufficient to permit defendants to consult with their counsel, to review the evidence against them, and to participate in the preparation of their own defense.  The DOC permits communication with counsel in multiple ways:

(1) **In-Person Visits:**  In-person defense attorney visitation is unrestricted. (Defendants cannot carry e-discovery or laptops to these meetings but the attorney can bring a computer and discovery materials.)  These visits can be contact or non-contact.  If the attorney is fully vaccinated or has a recent negative COVID test (72 hours), the defendant will face no restrictions afterward.  If the attorney does not want to provide a vaccination status or test result, then s/he can still meet in-person with the client, but afterward the defendant will be placed in enhanced monitoring (a status between quarantine and gen pop).  This has not been necessary any time recently because attorneys have been forthcoming.

(2) **Attorney Phone Calls**:  Defendants can make legal calls lasting up to 30 minutes at a time during their recreation time (currently 5 hours a day) from phones located in the common areas of each unit. Quarantined defendants can have emergency legal calls through their case managers.

> (3) **Education Tablets:** Every incarcerated January 6 defendant has his/her own educational tablet. These tablets permit confidential messaging communication between defendants and their attorneys. Once the defendant has access, s/he can send up to 3 messages of 32,000 characters each to his/her attorney. After 3 messages, the attorney must respond before the defendant can send an additional message. These tablets also provide defendants with educational services and a virtual law library.

Additionally, DOC has significantly expanded its existing electronic evidence review program. Under that program, defense attorneys may request that clients be allowed to review voluminous or electronic evidence on a laptop computer provided by the DOC. When a defense attorney sends electronic evidence (e.g., CDs, DVDs, or USB flash drives) to the DOC's Litigation Support Unit, the receiving defendant is placed on a waitlist to review the discovery. When a laptop becomes available, the defendant may review the discovery for up to two weeks at a time, while housed in a single cell. If the defendant requires more than two weeks to review the evidence and there is a waitlist, the defendant will be added to the waitlist to re-enter the program for another two-week review period. The DOC currently has 23 laptop computers available for use in this program, and the current wait list for access to a computer is less than two weeks.

In addition to DOC's electronic evidence review program, DOC, in conjunction with the government and FPD, is working to provide defendants with access to the Capitol Breach Relativity workspace and the evidence.com instance (database). The government is working to provide January 6 defendants with access to a DOC instance of evidence.com on their educational tablets. This will permit all January 6 defendants access to more than 24,000 video files through a DOC instance of evidence.com. DOC, the government, and FPD are also working to establish an e-discovery room at the Correctional Treatment Facility that will provide access to a DOC-specific Relativity workspace where January 6 defendants will be able to review discovery and

share notes about discovery materials with their attorneys.

Insofar as the defendants in this case are not able to confer adequately with counsel and participate in their defense, there is a solution that renders temporary release unnecessary—transport the defendants to the District of Columbia. The Court should adopt that solution.

        Respectfully submitted,

        MATTHEW M. GRAVES
        United States Attorney
        DC Bar No. 481052

By:    */s/ Luke M. Jones*
        LUKE M. JONES, VA Bar No. 75053
        ERIK M. KENERSON, OH Bar No. 82960
        JASON B.A. MCCULLOUGH
        D.C. Bar No. 998006; NY Bar No. 4544953
        Assistant United States Attorneys
        555 4th Street, N.W.
        Washington, D.C. 20530
        (202) 252-7066
        Luke.Jones@usdoj.gov