## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 21-cr-175 (TJK)** |
| | : | |
| **v.** | : | **UNDER SEAL** |
| | : | |
| **ETHAN NORDEAN,** | : | |
| also known as "Rufio Panman," | : | |
| **(Counts 1, 2, 3, 4, 5, 6, 7)** | : | |
| | : | |
| **JOSEPH BIGGS,** | : | |
| **(Counts 1, 2, 3, 4, 5, 6, 7)** | : | |
| | : | |
| **ZACHARY REHL,** | : | |
| **(Counts 1, 2, 3, 4, 5, 6, 7)** | : | |
| | : | |
| **CHARLES DONOHOE,** | : | |
| **(Counts 1, 2, 3, 4, 5, 6, 7)** | : | |
| | : | |
| **ENRIQUE TARRIO,** | : | |
| also known as "Henry Tarrio" | : | |
| **(Counts 1, 2, 3, 4, 5, 6, 7)** | : | |
| | : | |
| **DOMINIC PEZZOLA,** | : | |
| also known as "Spaz," | : | |
| also known as "Spazzo," | : | |
| also known as "Spazzolini," | : | |
| **(Counts 1, 2, 3, 4, 5, 6, 7, 8)** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |

## MOTION TO SEAL INDICTMENT

The United States of America, by and through the United States Attorney for the District

of Columbia, respectfully moves for an order to place and maintain under seal the Indictment in

this case, this Motion, the proposed Order attached to this Motion, and any Order granting this

motion.   In support thereof, the Government states as follows:

1.      On March 10, 2021, the Grand Jury returned the First Superseding Indictment in case 21-cr-175 (TJK) charging the following four defendants: Ethan Nordea, Joseph Biggs, Zachary Rehl, and Charles Donohoe.

2.      Today, the government is filing a Second Superseding Indictment, charging these same four defendants, plus two additional defendants – Dominic Pezzola, who separately charged in a related case pending before this Court (21-cr-52-TJK), and Enrique Tarrio, the national Chairman of the Proud Boys on January 6, 2021. Upon presentment on this new indictment, the government will move to dismiss the charges against Pezzola in 21-cr-252 (TJK).

3.      Briefly, the new indictment charges all six defendants with conspiring to obstruct an official proceeding, in violation of 18 U.S.C. §§ 1512(k); corruptly obstructing an official proceeding, in violation of 18 U.S.C. § 1512(c)(2); obstruction of law enforcement during a civil disorder, in violation of 18 U.S.C. § 231(a)(3); and Destruction of Government Property, in violation of 18 U.S.C. § 1361. Some of the defendants are also facing other related charges.

4.      Today, the government is applying for an arrest warrant for the newly indicted defendant, Enrique Tarrio.

5.      On Friday and today, the government applied for warrants to execute searches of the residences and persons of two coconspirators in 22-sw-50 and 22-sw-51. Those warrants will be executed in two different jurisdictions (Carlisle, PA, and Belmont, NC).   These search warrants are also sealed pending execution.

6.      The Second Superseding Indictment should remain sealed so that Tarrio and his two co-conspirators are not alerted to the existence of this indictment until Tarrio has been arrested and the related search warrants have been executed.

7.      The public disclosure of this indictment may therefore affect the integrity of the investigation by causing alleged conspirators and witnesses to destroy evidence and/or hinder the ability of the government to safely locate and arrest Tarrio and locate and search his two co-conspirators – who reside in different states and who are alleged in the indictment to have advocated for the use of force to obstruct the certification of the Electoral College vote.   Thus, a sealing order is necessary to avoid hindering the ongoing investigation in this matter.

8.      Although there is a presumption of access to court proceedings, this presumption can be overridden if "(1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest."   Washington Post v. Robinson, 935 F.2d 282, 288, 290 (D.C. Cir. 1999) (internal citation and quotation omitted).

9.      In this matter, the United States has a compelling interest in preserving the integrity of its investigation, arresting Tarrio, and searching the residences and persons of his co-conspirators.   A limited sealing order ensuring that filings related to the indictments are not accessible from the court's public files, for a short period of time, is narrowly tailored to serve a compelling interest.

10.      Furthermore, the United States respectfully submits that complying with the normal notice requirements of Washington Post would defeat the purpose of the motion to seal.   Persons who know the criminal justice system also know that docketing a motion to seal an indictment, or

a resulting sealing order, means that a defendant is charged with a crime and the United States intends to arrest him.   Thus, if this motion or a sealing order were to become public, it would be the same as making public any of the three indictments.

11.   The United States therefore proposes that the Second Superseding Indictment be unsealed upon the government's written notification to the Court after Tarrio is taken into custody and the related search warrants are executed upon his co-conspirators—i.e., when law enforcement has determined that the investigative and safety risks outlined above have been appropriately mitigated.

**WHEREFORE**, the United States respectfully requests that this Court issue an Order directing that the Clerk of the Court place and maintain under seal, until the arrest warrant for Enrique Tarrio has been executed, the Indictment in this case, the Arrest Warrant for Enrique Tarrio, this Motion, the proposed Order attached to this Motion, and any Order granting this motion.

Respectfully submitted,

MATTHEW M. GRAVES
ACTING UNITED STATES ATTORNEY


By:   /s/ Jason McCullough
JASON B.A. MCCULLOUGH
Assistant United States Attorney
DC Bar No. 998006; NY Bar No. 4544953
555 4th Street, N.W.
Washington, D.C. 20001
(202) 252-7233
jason.mccullough2@usdoj.gov