IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ETHAN NORDEAN *et al.*,<br><br>Defendants. | Case No: 21-cr-175-TJK |

## APPLICATION FOR ACCESS TO TRIAL EXHIBITS

Pursuant to Local Criminal Rule 57.6, applicants Cable News Network, Inc., American Broadcasting Companies, Inc. d/b/a ABC News, The Associated Press, Buzzfeed, Inc. d/b/a BuzzFeed News, CBS Broadcasting Inc. o/b/o CBS News, Dow Jones & Company, Inc., publisher of The Wall Street Journal, The E.W. Scripps Company, Gannett Co., Inc., Gray Media Group, Inc., Los Angeles Times Communications LLC, publisher of The Los Angeles Times, National Public Radio, Inc., NBCUniversal Media, LLC d/b/a NBC News, The New York Times Company, Pro Publica, Inc., Tegna, Inc., and WP Company LLC, d/b/a The Washington Post (together, the "Press Coalition") respectfully seek access, under the First Amendment and common law, to exhibits as they are admitted into evidence at the trial set to begin in this matter on December 19, 2022. In support of this application the Press Coalition states as follows:

1. On May 14, 2021, in response to a motion filed by the Press Coalition, Chief Judge Beryl A. Howell issued Standing Order No. 21-28 (the "Standing Order"). The Standing Order recognizes "[t]he significant public and media interest in the numerous criminal cases arising from the January 6, 2021 violent breach of the United States Capitol (the 'Capitol Cases')." *See* Standing Order at 2.

2. To accommodate this interest, the Standing Order provides that "[m]embers of the media seeking access to video exhibits submitted to the Court in Capitol Cases may file an application . . . to the presiding judge in the case, or if no judge has been assigned, to the Chief Judge, for determination, and the judge may seek the position of the parties." *See id.* at 5.

3. The Standing Order further provides that "[u]pon grant of such media application, the government shall make the video exhibit[s] available to any member of the media with necessary access credentials provided by the government, unless the order otherwise limits access." *See id.* at 5-6. Specifically, the Standing Order states that "[m]embers of the media provided access to video exhibits in a particular case pursuant to such order may view those exhibits" by way of an electronic "'drop box'" into which the Government has agreed to place videos subject to access orders in the Capitol Cases. *See id.* at 6.

4. This is one of the Capitol Cases. Defendants are charged with many counts including conspiracy to defraud the United States and seditious conspiracy, in connection with their conduct leading up to and on January 6.

5. Trial is set to commence on December 19, 2022 for Defendants Ethan Nordean, Joseph R. Biggs, Zachary Rehl, Enrique Tarrio and Dominic J. Pezzola. *See* Scheduling Order, Nov. 30, 2022, Dkt. 562. The Press Coalition anticipates a number of exhibits – in video and other formats – will be submitted to the jury during the trial (the "Trial Exhibits").

6. The Trial Exhibits will plainly be "intended to influence the court" in its decision-making, and as a result they are judicial records subject to a "strong presumption in favor of public access." *Leopold v. United States*, 964 F.3d 1121, 1127-28 (D.C. Cir. 2020) (Garland, J.).

7. Neither the Defendant nor the Government could possibly rebut the presumption of access to Trial Exhibits that are admitted in open court, under *United States v. Hubbard*, 650

F.2d 293, 317-21 (D.C. Cir. 1980). *See also, e.g.*, *Craig v. Harney*, 331 U.S. 367, 374 (1947) ("A trial is a public event. What transpires in the court room is public property.").

8. Because the Trial Exhibits will be judicial records subject to an unrebutted presumption of public access upon their entry into evidence, the Court should grant this Application and direct the Government to release Trial Exhibits to the Press Coalition via electronic "drop box" on the same day that those Trial Exhibits are introduced into evidence.[1]

9. The Standing Order provides that "[n]o recording, copying, downloading, retransmitting or further broadcasting of video exhibits in a particular case is permitted, unless such permission is granted by the presiding judge." *See* Standing Order at 6. The Press Coalition therefore requests that the Court grant permission to record, copy, download, retransmit, and otherwise further publish these Trial Exhibits.[2]

## CONCLUSION

For the foregoing reasons, the Press Coalition respectfully requests that the Court order the Government to provide same-day access to the exhibits admitted into evidence in the upcoming trial in this matter.

Dated: December 2, 2022        Respectfully submitted,

BALLARD SPAHR LLP

/s/ *Charles D. Tobin*
Charles D. Tobin (#455593)
Maxwell S. Mishkin (#1031356)
Lauren Russell (#1697195)

---

[1] The Government has provided same-day access to trial exhibits in other Capitol riot cases. *E.g.*, Apr. 26, 2022 Minute Order, *United States v. Webster*, No. 21-cr-208-APM; Feb. 24, 2022 Minute Order, *United States v. Reffitt*, No. 21-cr-32-DLF; Order, *United States v. Robertson*, No. 21-cr-34-CRC, Dkt. 77; Order, *United States v. Rhodes et al.*, No. 22-cr-15-APM, Dkt 327.

[2] The Press Coalition makes this request without conceding that the Standing Order complies with the First Amendment or common law, and expressly reserving the right to challenge this and other portions of the Standing Order in this and other Capitol Cases.

1909 K Street, NW, 12th Floor<br>
Washington, DC 20006<br>
Tel: (202) 661-2200 | Fax: (202) 661-2299<br>
tobinc@ballardspahr.com<br>
mishkinm@ballardspahr.com<br>
russelll@ballarspahr.com

*Counsel for the Press Coalition*