UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | |
| : | |
| ETHAN NORDEAN, : | |
| JOSEPH R. BIGGS, : | No. 1:21-cr-175 (TJK) |
| ZACHARY REHL, : | |
| ENRIQUE TARRIO, and : | |
| DOMINIC J. PEZZOLA, : | |
| : | |
| **Defendants.** : | |

**GOVERNMENT'S RESPONSE TO COURT'S APRIL 7, 2023 MINUTE ORDER**

The United States of America respectfully files this response to the Court's April 7, 2023 Minute Order inviting supplemental arguments regarding the proposed jury instruction for 18 U.S.C. § 1512(c)(2) in light of the D.C. Circuit's opinion in *United States v. Fischer*, No. 22-3038 (D.C. Cir. Apr. 7, 2023). The current Section 1512(c)(2) instruction is legally sufficient and should be provided to the jury, notwithstanding Circuit Judge Walker's concurring opinion regarding the definition of "corruptly."

**I.   THE CONCURRING OPINION IS NOT BINDING.**

In *United States v. Fischer*, No. 22-3038, __ F.4th __, 2023 WL 2817988 (D.C. Cir. Apr. 7, 2023), the D.C. Circuit held that 18 U.S.C. § 1512(c)(2) "encompasses all forms of obstructive conduct, including . . . efforts to stop Congress from certifying the results of the 2020 presidential election." *Id.* at *3. The court explained that "the meaning of the statute is unambiguous . . . § 1512(c)(2) applies to all forms of corrupt obstruction of an official proceeding, other than the conduct that is already covered by § 1512(c)(1)." *Id.* at *4. This "broad interpretation of the statute — encompassing all forms of obstructive acts — is unambiguous and natural, as confirmed by the

'ordinary, contemporary, common meaning' of the provision's text and structure." *Id.* at *5 (quoting *Perrin v. United States*, 444 U.S. 37, 42 (1979)). This portion of the opinion was authored by Judge Pan and joined by Judge Walker, and thus constitutes *Fischer*'s binding holding.

*Fischer*'s holding regarding the type of obstructive acts that may satisfy § 1512(c)(2) does not resolve the scope of that statute's separate *mens rea* requirement—specifically, the meaning of the word "corruptly" as it is used in § 1512(c). That issue is pending before the D.C. Circuit in a different case, *United States v. Robertson*, No. 22-3062, which is scheduled to be argued on May 11, 2023.

As explained in both the majority and dissenting opinions in *Fischer*, the definition of "corruptly" was not squarely presented in that case and therefore was not resolved. *See* 2023 WL 2817988, at *7 (opinion of Pan, J.) ("expressing [no] preference for any particular definition of 'corruptly'" because "the allegations against appellees appear to be sufficient to meet any proposed definition of 'corrupt' intent); *id.* at *8 (noting that the dissent also "declines to settle on a precise meaning of 'corruptly' at this time" and thus "share[s] much common ground" with Judge Pan's opinion "on the issue of *mens rea*"); *Id.* at *42-*43 (Katsas, J., dissenting) (surveying possible definitions of "corruptly" but declining to adopt any particular one). Although Judge Walker would have determined that "corruptly" means "a criminal intent to procure an unlawful benefit," *id.* at *22 (Walker, J., concurring), the resolution of that *mens rea* issue was not necessary to the court's holding concerning the *actus reus* of the offense—which Judge Walker joined—and his views on the meaning of "corruptly" were not adopted by the other judges on the panel.

Accordingly, there is no reason for this Court to turn to *United States v. Marks*, 430 U.S. 188 (1977), for guidance on how to interpret *Fischer*'s holding. In *Marks*, the Supreme Court held that, "[w]hen a fragmented Court decides a case and no single rationale explaining the result enjoys

2

the assent of five Justices, 'the holding of the Court may be viewed as that position taken by those Members who concurred in the judgments on the narrowest grounds[.]'" 430 U.S. at 193 (quoting *Gregg v. Georgia*, 428 U.S. 153, 169 n.15 (1976) (plurality op.)). *Marks* is inapposite for a number of reasons.

*First*, there *is* a "single rational explaining the result" in *Fischer* that a majority of the court adopted: all but Section I.C.1 (declining to interpret "corruptly") and footnote 8 of Judge Pan's majority opinion. That opinion held in Section I.A that § 1512(c)(2) was "unambiguous": it "applies to all forms of corrupt obstruction of an official proceeding, other than the conduct that is already covered by § 1512(c)(1)." *Fischer*, 2023 WL 2817988, at *4. Thus, unlike the situation described in *Marks*—where more than five Justices agreed on a result, but no five Justices agreed on a rationale—here, a majority of the court did agree on a rationale explaining the result: § 1512(c)(2)'s unambiguous statutory text. Thus, *Marks* has no applicability.

In this respect, the *Fischer* majority opinion is like those that have commanded a five-Justice majority in the Supreme Court, with one Justice writing a concurring opinion explaining his or her disagreement with aspects of the majority opinion but joining it anyway. *See, e.g.*, *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 352-53 (2011) (Thomas, J., concurring); *Arizona v. Gant*, 556 U.S. 332, 354 (2009) (Scalia, J., concurring); *U.S. Airways, Inc. v. Barnett*, 535 U.S. 391, 408 (2002) (O'Connor, J, concurring). In such a case, it is the majority opinion that controls, and *Marks* has no applicability. *See* Richard M. Re, *Beyond the Marks Rule*, 132 Harv. L. Rev. 1942, 2001-02 nn.311, 322 (2019) (noting that appellate courts have never applied the *Marks* rule to *Concepcion* and *Gant*). Here, Judge Walker joined the portion of Judge Pan's opinion holding that § 1512(c)(2) encompasses all forms of obstructive conduct. That is *Fischer*'s clear holding.

3

The fact that Judge Walker's understanding of the statute's *mens rea* requirement informed his decision to join the majority opinion does not make that understanding a holding of the court.

*Second*, any discussion of § 1512(c)(2)'s *mens rea* requirement in *Fischer* is necessarily *dicta*. In that case, the district court dismissed the indictments' § 1512(c)(2) counts, finding that they failed to state a claim because they "d[id] not allege that they violated § 1512(c)(2) by committing obstructive acts related to 'a document, record, or other object[.]'" *Fischer*, 2023 WL 2817988, at *3. In reversing that dismissal, the court of appeals had no occasion to interpret the meaning of the word "corruptly" as it is used in § 1512(c). An indictment is sufficient if it "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend," *Hamling v. United States*, 418 U.S. 87, 117 (1974), which may be accomplished by "echo[ing] the operative statutory text while also specifying the time and place of the offense." *United States v. Williamson*, 903 F.3d 124, 130 (D.C. Cir. 2018). The indictments at issue in *Fischer* all alleged that the defendants acted "corruptly," as the statute requires. *See Fischer*, 2023 WL 2817988, at *2. Any dispute about the meaning of that term could have no bearing on the sufficiency of the indictment for purposes of a motion to dismiss.

*Third*, as both Judge Pan and Judge Walker recognized, the D.C. Circuit has never applied *Marks* to its own cases. *See Fischer*, 2023 WL 2817988, at *8 n.5; *id.* at *27 n.10 (Walker, J., concurring). Indeed, "only one federal appellate court has done so." *Id.* at *8 n.5 (citing *Binderup v. U.S. Att'y Gen.*, 836 F.3d 336, 356 (3d Cir. 2016) (en banc)). Insofar as this Court "needs *some* rule to decide the holding" of *Fischer*, 2023 WL 2817988, at *27 n.10 (Walker, J., concurring), that rule is apparent: it should follow the parts of the opinion agreed upon by a majority of the panel, as it would with any other opinion. As discussed above, that holding is clear: § 1512(c)(2)'s plain language encompasses all forms of obstructive conduct.

*Fourth*, even were this Court to apply a *Marks* analysis to *Fischer*, it would not require the Court to adopt Judge Walker's view of the meaning of "corruptly" as it is used in § 1512(c)(2). In *King v. Palmer*, the *en banc* D.C. Circuit held that "*Marks* is workable—one opinion can be meaningfully regarded as 'narrower' than another—only when one opinion is a logical subset of other, broader opinions. In essence, the narrowest opinion must represent a common denominator of the Court's reasoning; it must embody a position implicitly approved by at least five Justices who support the judgment." 950 F.2d 771, 781 (D.C. Cir. 1991) (en banc); *see generally Beyond the Marks Rule*, *supra*, at 1994-95 (noting that the D.C. Circuit has adopted a narrower reading of *Marks* than other courts of appeals). But Judge Walker's reading of "corruptly" does not "embody a position implicitly approved by at least [two judges] who support the judgment"; to the contrary, a "majority of the panel . . . expressly declined to endorse the concurrence's definition of 'corruptly.'" *Fischer*, 2023 WL 2817988, at *8 n.5. Moreover, Judge Walker's definition was "not one with which [the majority] opinion 'must *necessarily agree as a logical consequence* of its own, broader position' because [the majority] opinion t[ook] no position on the exact meaning of 'corruptly.'" *Id.* (quoting *King*, 950 F.2d at 782). Indeed, insofar as Judge Walker pitched his opinion as "narrower" than Judge Pan's because he "read[s] [§ 1512](c)(2) to cover only *some* of the conceivable defendants the lead opinion might allow a court to convict," *Fischer*, 2023 WL 2817988, at *27 n.10 (Walker, J., concurring), that assertion again highlights the fact that any discussion of the meaning of the term "corruptly" in *Fischer* is *dicta*. The question on appeal in that case was whether the indictments at issue properly alleged an offense under § 1512(c)(2). Answering that question did not require the court to delineate the world of "conceivable defendants" that could be convicted under the statute. Indeed, attempting to do so would be entirely

inappropriate at the motion to dismiss stage, which merely evaluated whether "the indictment fairly informed [the defendant] of the charge against him[.]" *Williamson*, 903 F.3d at 132.

There can be no doubt about *Fischer*'s clear holding: § 1512(c)(2) "encompasses all forms of obstructive conduct, including . . . efforts to stop Congress from certifying the results of the 2020 presidential election." 2023 WL 2817988, at *3. That holding is binding on this Court. The discussion in Judge Walker's concurring opinion about the meaning of "corruptly" as it is used in § 1512(c)(2) is not.

## II. THE CURRENT SECTION 1512(c) JURY INSTRUCTION IS LEGALLY SUFFICIENT.

The definition of "corruptly" set forth in the Court's Section 1512(c)(2) Jury Instruction is legally sufficient and appropriate in the context of congressional obstruction. To violate Section 1512(c)(2), a defendant must act "corruptly." Because that term is not statutorily defined, it is "understood . . . to have its ordinary meaning." *United States v. North*, 910 F.2d 843, 881 (D.C. 1990) (per curiam), *opinion withdrawn and superseded in part on reh'g*, 920 F.2d 940 (D.C. Cir. 1990). As a matter of plain language, "corruptly" is "normally associated with wrongful, immoral, depraved, or evil." *Arthur Andersen LLP v. United States*, 544 U.S. 696, 705 (2005); *see North*, 910 F.2d at 881 ("corruptly" means "depraved, evil: perverted into a state of moral weakness or wickedness").

Acknowledging that "the plain meaning of 'corruptly' encompasses both corrupt (improper) *means* and corrupt (morally debased) *purposes*," *United States v. Sandlin*, 575 F. Supp. 3d 16, 31 (D.D.C. 2021), the instructions require the government to prove that each defendant either "use[d] unlawful means" or "ha[d] an unlawful purpose." Section 1512(c) Jury Instruction[1];

---

[1] The Section 1512(c) Jury Instruction reads as follows:

6

*see North*, 910 F.2d at 942-43 (Silberman, J., concurring in part and dissenting in part). And drawing from *Andersen*, *see* 544 U.S. at 706, the instructions also require proof that each defendant acted with "consciousness of wrongdoing," which the instructions define as acting "with an understanding or awareness that what the person is doing is wrong." Section 1512(c) Jury Instruction.

The inclusion of a narrative paragraph in the instruction further ensures that the jury instructions "convey the requisite consciousness of wrongdoing." *Arthur Andersen*, 544 U.S. at 706. In essence, that paragraph explains that a person who acts intentionally to influence or impede a congressional proceeding has not violated the obstruction statute unless that person acts corruptly such as by engaging in bribery or "other independently unlawful conduct." Section 1512(c) Jury Instruction. The narrative paragraph thus both clarifies that intent to obstruct the proceeding in question is not, at least in the context of congressional obstruction, sufficient to prove that a defendant acted "corruptly," *see North*, 910 F.2d at 882, and underscores that such a person can act corruptly for purposes of Section 1512(c)(2) if he employs "independently corrupt means," at 942-43 (Silberman, J., concurring in part and dissenting in part).

The definition of "corruptly" contained in the Section 1512(c) Jury Instruction is also consistent with, though more demanding than, definitions of "corruptly" applied to Section 1512(c)(2) by other courts of appeals. Since Section 1512(c)(2)'s enactment in 2002, courts have

---

To act "corruptly," the defendant must use unlawful means or have an improper purpose, or both. The defendant must also act with "consciousness of wrongdoing." "Consciousness of wrongdoing" means with an understanding or awareness that what the person is doing is wrong.

Not all attempts to obstruct or impede an official proceeding involve acting corruptly. For example, a witness in a court proceeding may refuse to testify by invoking his constitutional privilege against self-incrimination, thereby obstructing or impeding the proceeding, but he does not act corruptly. In contrast, an individual who obstructs or impedes a court proceeding by engaging in conduct such as offering illegal bribes, engaging in violence, committing fraud, or through other independently unlawful conduct, is acting corruptly.

7

interpreted "corruptly" in Section 1512(c)(2) to require intent to obstruct and some degree of wrongfulness. *See United States v. Delgado*, 984 F.3d 435, 452 (5th Cir. 2021); *See United States v. Watters*, 717 F.3d 733, 735 (9th Cir. 2013) (upholding jury instruction defining "corruptly" as acting with "consciousness of wrongdoing") (internal quotation marks omitted); *United States v. Friske*, 640 F.3d 1288, 1291 (11th Cir. 2011) (to act "corruptly" is to act "with an improper purpose" and "to engage in conduct knowingly and dishonestly with the specific intent to subvert, impede or obstruct") (quoting *United States v. Mintmire*, 507 F.3d 1273, 1289 (11th Cir. 2007)); *United States v. Gordon*, 710 F.3d 1124, 1151 (10th Cir. 2013) (same); *United States v. Mann*, 701 F.3d 274, 307 (8th Cir. 2012) (same). Courts interpreting the neighboring provision, Section 1512(c)(1), have reached similar conclusions. *See United States v. Bedoy*, 827 F.3d 495, 510 (5th Cir. 2016) (a "proper definition" of "corruptly" for purposes of Section 1512(c)(1) is to act "knowingly and dishonestly, with the specific intent to subvert or undermine the due administration of justice") (internal quotation marks omitted); *United States v. Matthews*, 505 F.3d 698, 705 (7th Cir. 2007) (upholding instruction defining "[c]orruptly" in Section 1512(c)(1) as acting "with the purpose of wrongfully impeding the due administration of justice").

### III.  CONCLUSION

As stated above, the current Section 1512(c)(2) instruction is legally sufficient and should be provided to the jury in this case, notwithstanding Circuit Judge Walker's non-binding concurring opinion regarding the definition of "corruptly." Alternatively, if this Court adopts the formulation of the definition of "corruptly" as set forth in Circuit Judge Walker's concurrence in *Fischer*, the government would propose the attached redlined, revised jury instruction that is consistent with that concurrence.

                                       Respectfully Submitted,

                                       MATTHEW M. GRAVES
                                       United States Attorney
                                       D.C. Bar No. 481052

By:     */s/ Jocelyn Ballantine*
          JOCELYN BALLANTINE, CA Bar No, 208267
          Chief, Complex Conspiracy Unit
          Capitol Siege Section

          */s/ Conor Mulroe*
          CONOR MULROE, NY Bar No. 5289640
          Trial Attorney
          U.S. Department of Justice, Criminal Division
          1301 New York Ave. NW, Suite 700
          Washington, D.C. 20530
          (202) 330-1788
          Conor.Mulroe@usdoj.gov

          */s/ Jason B.A. McCullough*
          JASON B.A. MCCULLOUGH
              NY Bar No. 4544953
          ERIK M. KENERSON, OH Bar No. 82960
          NADIA E. MOORE, NY Bar No. 4826566
              On Detail to the District of Columbia
          Assistant United States Attorneys
          601 D Street NW
          Washington, D.C. 20530